**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

GUADALUPE MONTOYA-CEDILLO,　　　:

　　　　*Petitioner*,　　　　　　　　　　:　　　Case No. 1:26-cv-00142

v.　　　　　　　　　　　　　　　　　:　　　Judge Jeffery P. Hopkins

KEVIN RAYCRAFT, Director of　　　　:
Enforcement and Removal Operations,
Detroit Field Office, Immigration and　:
Customs Enforcement, *et al.*,　　　　　:

　　　　*Respondents*.

---

**ORDER**

---

Petitioner Guadalupe Montoya-Cedillo, a citizen and native of Mexico, is a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the Butler County Jail in Butler County, Ohio. Petitioner has filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241. In his Petition, Petitioner requests immediate release from detention. Respondents filed a Return of Writ (Doc. 10), to which Petitioner filed a Reply (Doc. 11). The matter is ripe for adjudication.

## I.　BACKGROUND

Petitioner Guadalupe Montoya-Cedillo ("Petitioner") asserts that he has resided in the United States since December 7, 2001. Pet., Doc. 1, ¶ 1. Petitioner is a 60-year-old citizen of Mexico with no criminal history. Resp'ts. Ex. 3, Doc. 10-3, PageID 149–51. He was detained in December 2025. *Id*. at PageID 149. As set forth in his Petition and Reply, Petitioner seeks release from detention on the basis that he is not subject to mandatory detention under 8 U.S.C. § 1225(b) and that his detention violates his rights to due process under the Fifth

Amendment. Doc. 11, PageID 174–81. Respondents assert that Petitioner is subject to mandatory detention under § 1225(b), and is therefore not entitled to a bond hearing, nor eligible to be released on bond. Doc. 10, PageID 126–32.

## II.    LAW AND ANALYSIS

It is well settled that: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art I, § 9, cl. 2. The constitutional guarantee of the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2) (emphasis added). To preserve the right of the people to obtain relief under this Clause, Congress enacted 28 U.S.C. § 2241. Section 2241 confers on federal district courts the power to issue writs of habeas corpus to persons held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This authority also includes challenges made by noncitizens in immigration-related detention matters. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Because Petitioner challenges his detention, the Petition is properly before the Court for consideration.

### A.  Section 1226(a) governs Petitioner's detention.

Respondents contend that Petitioner is properly detained under 8 U.S.C. § 1225(b). Doc. 10, PageID 126. However, for the reasons set forth in *Lopez Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026) and *Ortiz Soto v. Saxon*, No. 1:25-cv-768, 2026 WL 1205571 (S.D. Ohio May 4, 2026), this Court concludes that § 1226(a), not § 1225(b)(2)(A),

2

governs noncitizens like Petitioner who have resided in the United States and were already within the United States when apprehended and arrested.[1]

### B.  Petitioner's detention violates due process.

Petitioner argues that his detention violates his substantive and procedural due process rights guaranteed by the Fifth Amendment. Pet., Doc. 1, PageID 13. For the reasons set forth in *Lopez Campos v. Raycraft*, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026) and *Ortiz Soto v. Saxon*, No. 1:25-cv-768, 2026 WL 1205571 (S.D. Ohio May 4, 2026), this Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights.

### III.    CONCLUSION

For these reasons, it is **ORDERED** that Petitioner's constitutional and statutory claims challenging the denial of bond be **GRANTED**. It is further it is **ORDERED** that Respondents **RELEASE** Petitioner or **PROVIDE** Petitioner with an *individualized* bond hearing before an immigration judge within 7 calendar days of the date of this Order at which the government shall bear the burden to demonstrate, by clear and convincing evidence, that Petitioner is a danger to the community or a flight risk; at which the IJ must consider non-bond alternatives to detention or, if setting a bond, Petitioner's ability to pay.

**IT IS SO ORDERED.**

May 15, 2026

Jeffery P. Hopkins
United States District Judge

---

[1]    The Court recognizes that Petitioner relies on the decision in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025) to further support his Petition. Based on the outcome here, the Court need not decide whether or to what extent *Maldonado Bautista* would be binding. *See Quintana v. Lynch*, 1:25-cv-919, 2026 WL 746359, at *12 n.9 (S.D. Ohio March 17, 2026) (Dlott, J.).